NO. 07-04-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 10, 2004

_____

KIM W. GATEWOOD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2003-485,577; HON. DRUE FARMER, PRESIDING

_____

*ABATEMENT AND REMAND*

_____

Before QUINN and CAMPBELL, JJ., and BOYD, S.J.[1]

Appellant Kim W. Gatewood appeals from a judgment convicting him of false identification as a peace officer. The reporter's record is due in this cause, and an extension of the applicable deadline has been sought. To justify the extension, the court reporter represents that appellant has failed to pay or make arrangements to pay for the record. Nothing of record illustrates whether appellant is indigent.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Accordingly, we now abate this appeal and remand the cause to the County Court at Law No. 2 of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent; and,

3. whether the appellant is entitled to appointed counsel and a free appellate record.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a supplemental reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Should it be determined that appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney, then the trial court shall appoint counsel, unless appellant knowingly and voluntarily waives counsel. Furthermore, the name, address, and phone number of any counsel appointed by the trial court to represent appellant shall be included in the supplemental record. The trial court shall also file both supplemental records with the clerk of this court on or before September 9, 2004. Should further time be needed by the trial court to perform these tasks, then it must be requested before September 9, 2004.

It is so ordered.

Per Curiam

Do not publish.

2